*Cameron Cunningham v. State of Maryland, et al.*, No. 0216, Sept. Term, 2025. Opinion Filed on July 2, 2026, by Wells, C.J.

**MARYLAND TORT CLAIMS ACT – FILING REQUIREMENT – APPLICABILITY OF MINORITY TOLLING**

Generally, a tort claim against the State must be filed under the Maryland Tort Claims Act ("MTCA") within three years after the cause of action arises. Md. Code, State Government Article § 12-106(b)(3). For all other tort actions, *i.e.*, those brought against a private defendant, the cause of action's relevant statute of limitations is tolled during a plaintiff's minority. Md. Code, Courts & Judicial Proceedings Article § 5-201. The Supreme Court of Maryland held in *Higginbotham v. Public Service Commission*, 412 Md. 112, 128 (2009), that the MTCA's three-year filing requirement was both a statute of limitations and a condition precedent to the State's waiver of sovereign immunity. Minority tolling has been held to apply to statutes of limitations, but not conditions precedent. This case dealt with whether the general tolling for minors applies to the three-year filing requirement imposed on MTCA actions.

Based on our appellate case law, the legislative histories of the statutes, basic tenets of statutory interpretation, and public policy concerns, the MTCA's three-year filing requirement must be tolled during a plaintiff's minority. Minors are legally disabled from filing suit until they turn 18. After turning 18, the three-year filing requirement will begin running. If suit is not subsequently filed at the end of that time period, the plaintiff will no longer have a cause of action because the State's waiver of its immunity will have "vanished."

In this case, because Cunningham filed suit within three years of turning 18, his suit was timely. We reverse the lower court's dismissal of Cunningham's suit.

Circuit Court for Baltimore City
Case No. C-24-CV-24-003881

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 0216

September Term, 2025

_____

CAMERON CUNNINGHAM

v.

STATE OF MARYLAND, ET AL.

_____

Wells, C.J.,
Friedman,
Hotten, Michele D.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Wells, C.J.

_____

Filed:  July 2, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant, Cameron Cunningham, sued the State of Maryland and two of its units, the Department of Juvenile Services ("DJS") and the Department of Public Safety and Correctional Services ("DPSCS") (collectively, "the State"), for an alleged lack of medical care he received while in custody as a juvenile. Cunningham is appealing the Circuit Court for Baltimore City's dismissal of his suit for untimeliness under the Maryland Tort Claims Act's ("MTCA") requirement that an action be filed within three years after the claim arose, as codified in Maryland Code, State Government Article ("SG") § 12-106(b)(3). Cunningham presents one question on appeal, which we rephrase:

I.      Whether the MTCA's three-year filing requirement under SG § 12-106(b)(3) is subject to the tolling for minors outlined in Maryland Code, Courts & Judicial Proceedings Article ("CJ") § 5-201.[1]

For the reasons that follow, we hold the tolling for minors under CJ § 5-201 applies to the MTCA's three year filing requirement. Therefore, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2019, Baltimore County Police officers arrested Cunningham at his high school when he was sixteen years old. Cunningham, as he asserted in his complaint, suffered a severe injury to his left knee during the arrest. He was transported to a hospital for treatment immediately following the arrest, after which he was released into DJS custody with specific instructions for follow-up care from his medical providers. While in

---

[1] Cunningham's question verbatim is:
        Whether the Government Negligence Statute of Limitation is subject to the Minor Tolling Statute[.]

custody for over a year, Cunningham asserts the State, through its agencies, failed to provide him the necessary physician-ordered medical care for his knee.

Cunningham turned eighteen on November 15, 2021. On November 11, 2024, five years after he was injured in police custody, but less than three years after he turned eighteen, he sued the State, DJS, and DPSCS alleging negligence and gross negligence. The State moved to dismiss the complaint based on sovereign immunity,[2] which Cunningham opposed. After a hearing, the circuit court granted the State's motion to dismiss. In its oral ruling, the court stated the following:

> . . . [T]he Court finds that this matter is statutorily barred. Even if I was to view 12-106(b)(3) as both a condition precedent and a limitations period, and even if Plaintiff's status as a minor tolled the limitations component of the statute, it does not [toll] the condition precedent to this action.[3] So as an untolled condition precedent, the Court finds that it is barred. Therefore the Court will grant the Motion to Dismiss.

Cunningham now appeals.

---

[2] The State asserted two variations of sovereign immunity for the negligence claim and the gross negligence claim. For negligence, the State raised the same argument it now maintains on appeal—that Cunningham did not file his claim within the three-year requirement laid out by SG § 12-106(b)(3). For gross negligence, the State maintained that it has not waived its immunity under the MTCA for actions "made with malice or gross negligence." (citing CJ § 5-522(a)(4)(ii)). Cunningham conceded in his opposition brief to the motion to dismiss that he could not maintain an action against the State for gross negligence. Cunningham therefore does not appeal the dismissal of his gross negligence claim.

[3] In the transcript, the bracketed word "[toll]" is transcribed as "hold." Since the court was focusing its holding here on the potential tolling effect of Cunningham's minority status, and the two words ("hold" and "toll") sound similar, we assume "hold" was an erroneous transcription of "toll."

**STANDARD OF REVIEW**

"When reviewing the grant of a motion to dismiss, the appropriate standard of review 'is whether the trial court was legally correct.'" *D.L. v. Sheppard Pratt Health Sys., Inc.*, 465 Md. 339, 350 (2019) (quoting *Blackstone v. Sharma*, 461 Md. 87, 110 (2018)). We review a circuit court's ruling on a legal question *de novo*, meaning "without deference" to the lower court's decision. *Rodriguez v. Cooper*, 458 Md. 425, 437 (2018).

**DISCUSSION**

I.  **The MTCA's Three-Year Filing Requirement is Subject to the Tolling for Minors Imposed by CJ § 5-201.**

**A. Parties' Contentions**

Cunningham argues the tolling provision in CJ § 5-201 applies to the MTCA's three-year filing requirement in SG § 12-106(b)(3) because Maryland law has historically recognized the importance of tolling statutes of limitations for minors as a way to protect their legal rights. Cunningham contends that under *Higginbotham v. Public Service Commission*, 412 Md. 112 (2009), because our Supreme Court concluded the MTCA's three-year filing requirement was imposed to bring the MTCA in line with the general statute of limitations under CJ § 5-101, the MTCA must also be subject to the tolling provisions applicable to CJ § 5-101. He asserts that holding otherwise would "undermine the Legislature's stated purpose, revive the very confusion the 1994 amendment sought to resolve, and unjustly deprive injured minors of their statutory right to seek redress." Cunningham argues the State's reliance on *Peacock v. Debley*, 261 Md. App. 540 (2024),

3

is misplaced because *Peacock* dealt with a judicial order's potential impact on the MTCA's three-year filing requirement, rather than a legislative act's impact.

The State contends SG § 12-106(b)'s conditions are all mandatory to assert a claim against the State, and therefore, Cunningham's non-compliance with the three-year filing requirement failed to "effectuate a waiver of the State's sovereign immunity as to his claims." The State also argues that in *Peacock*, this Court rejected Cunningham's interpretation of *Higginbotham*. The State further asserts that CJ § 5-201's plain language does not suggest it applies to actions filed under the MTCA, because the operative subsection states it applies to actions subject to a limitation under CJ Title 5, Subtitle 1 or CJ Title 3, Subtitle 9.

### B. Analysis

Based on the development of appellate case law in this area, as well as the relevant legislative histories, we conclude the tolling provision for minors found in CJ § 5-201 applies to the MTCA's filing deadline.

"It is the long-established view that a sovereign, such as a state, is 'infallible,' and, thus, immune from suit 'absent the State's consent.'" *Williams v. Morgan State Univ.*, 484 Md. 534, 538 (2023). The State of Maryland has consented to suit in limited circumstances under the MTCA:

> The MTCA is codified under the State Government Article as Subtitle 1 of Title 12. "The MTCA was enacted in 1981 as a waiver of the State's sovereign immunity for tortious acts or omissions committed within the scope of the public duties of 'state personnel' and committed without malice or gross negligence." *Barbre v. Pope*, 402 Md. 157, 173 [] (2007). Under the MTCA, a party injured by the negligent act or omission of a state officer or

4

employee within the scope of the officer's or employee's public duties may obtain compensation for that injury from the State.

*Id.* at 542–43.

The pertinent part of the MTCA at issue here, SG § 12-106(b), establishes three procedural requirements for a plaintiff to assert a claim against the State:

> (b) . . . [A] claimant may not institute an action under this subtitle unless:
>
> > (1) the claimant submits a written claim to the Treasurer or a designee of the Treasurer within 1 year after the injury to person or property that is the basis of the claim;
> >
> > (2) the Treasurer or designee denies the claim finally; and
> >
> > **(3) the action is filed within 3 years after the cause of action arises.**

(emphasis supplied). The first two requirements, (b)(1) and (b)(2), are not disputed in this case. Cunningham argues the three-year filing requirement under (b)(3) is subject to CJ § 5-201(a)'s tolling provision for minors, which otherwise applies to tort claims, and states:

> (a) When a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

If the tolling provision applies to the MTCA, then Cunningham's suit was timely because he filed it within three years after his legal "disability," *i.e.*, his minority, was removed upon turning eighteen. On the other hand, if the tolling provision does not apply, then the suit was untimely and properly dismissed since he did not file it within three years after the cause of action arose.

### i. Relevant Appellate Decisons

We begin our analysis with a discussion of the relevant case law.

5

First, in *Waddell v. Kirkpatrick*, 331 Md. 52, 60 (1993) (superseded by statute, as stated in *Parker v. Hamilton*, 453 Md. 127 (2017)),[4] the Supreme Court of Maryland held that the 1989 version of CJ § 5-201 does not apply to "a condition precedent, as opposed to a statute of limitations." The same year, our Supreme Court in *Johnson v. Maryland State Police* extended this holding to conclude CJ § 5-201 therefore does not apply to the MTCA's (previously 180-day) administrative claim period[5] under SG § 12-106(b)(1). 331 Md. 285, 290 (1993)[6] (quoting *Waddell*, 331 Md. at 60) (internal quotations omitted).

---

[4] At the time of *Waddell*, CJ § 5-201 stated that it applied only to "a cause of action subject to a limitation under Subtitle 1 of this title," meaning CJ Title 5. *Waddell* was later superseded by statute when CJ § 5-201 was amended in 1997. In the amendment, "the General Assembly added language to [CJ] § 5–201 that specifically referenced its application to wrongful death actions:

> (a) When a cause of action subject to a limitation under Subtitle 1 of this title **OR TITLE 3, SUBTITLE 9 OF THIS ARTICLE** accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."

*Parker v. Hamilton*, 453 Md. 127, 137 (2017) (citing 1997 Md. Laws Ch. 318) (emphasis in *Parker*). Therefore, because of the 1997 amendment, the minority tolling statute now applies to wrongful death actions otherwise subject to the limitation in CJ § 3-904(g). *Parker*, 453 Md. at 138. Only *Waddell*'s specific holding relevant to wrongful death actions was superseded.

[5] The current version of SG § 12-106(b)(1) now sets a one-year administrative claim period.

[6] *Johnson*, like *Waddell*, dealt with the 1989 version of CJ § 5-201 which had not yet been amended to cover causes of action subject to a limitation under CJ Title 3, Subtitle 9. However, as that title and subtitle deal with wrongful death actions, *see Parker*, 453 Md. at 138, the later amendment had no effect on *Johnson*'s analysis or holding.

As the parties recognize, this case is largely controlled by our Supreme Court's decision in *Higginbotham v. Public Service Commission*, 412 Md. 112 (2009), which held that the MTCA's provision at issue here—SG § 12-106(b)(3)—is "*both* a statute of limitations and . . . a condition precedent to the waiver of sovereign immunity." *Id.* at 128. However, *Higginbotham* relied heavily on the Court's prior analysis in *State v. Sharafeldin*, 382 Md. 129 (2004), in which it had previously held that another section of the MTCA, SG § 12-202,[7] "is not a mere statute of limitations but sets forth a condition to the action itself." *Sherafeldin*, 382 Md. at 148. Because of its relevance, we discuss *Sherafeldin* first, then the Court's application of it to SG § 12-106(b)(3) in *Higginbotham*.

The Court in *Sharafeldin* engaged in statutory interpretation to distinguish statutes of limitations from statutory waivers of sovereign immunity. Our Supreme Court has "held, consistently, that immunity from suit is 'one of the highest attributes of sovereignty,' and that any waiver of that immunity must come from the Legislature." *Id.* at 140 (citations omitted). In contrast to statutes of limitations, "State agencies may not, on their own, waive sovereign immunity 'either affirmatively or by failure to plead it.'" *Id.* (quoting *Dep't of Nat. Res. v. Welsh*, 308 Md. 54, 60 (1986)). Further, while statutes of limitations "normally state only that an action 'shall be filed within' the allowable period," those waiving sovereign immunity establish that an untimely action shall be barred completely. *Sharafeldin*, 382 Md. at 140–41. In other words, "limitations is an affirmative defense that

---

[7] SG § 12-202 serves as a "conditional waiver of the State's sovereign immunity in contract actions." *Sharafeldin*, 382 Md. at 148.

can be waived and that *is* waived unless raised in the defendant's answer." *Id.* at 141 (citing

Maryland Rule 2-323(g), which lists statute of limitations as an affirmative defense)

(further citations omitted). Comparatively, state agencies "are not empowered" to waive

sovereign immunity at all. *Sharafeldin*, 382 Md. at 141. Therefore, the filing requirements

included in a statutory waiver of sovereign immunity serve as conditions precedent to

actually asserting an action under that statute.

Those same principles, as the *Sherafeldin* Court recounted, are reflected in federal

and state law regarding the distinction between a condition precedent to the waiver of

sovereign immunity and a traditional statute of limitations. See *id.* at 147:

> [W]here a statute creates a new cause of action and fixes a time within which
> a suit under the statute must be filed, "[t]he time within which the suit must
> be brought operates as a limitation of the liability itself as created, and not of
> the remedy alone."

> "Time has been made of the essence of the right and the right is lost if the
> time is disregarded. The liability and the remedy are created by the same
> statutes, and the limitations of the remedy are therefore to be treated as
> limitations of the right."

(quoting *The Harrisburg*, 119 U.S. 199, 214 (1886)). *See also id.* at 148:

> "There is a substantial body of law to the effect that where a limitation period
> is stipulated in a statute creating a cause of action it is not to be considered
> as an ordinary statute of limitations, but is to be considered as a limitation
> upon the right as well as the remedy[.]"

(quoting *Blocher v. Harlow*, 268 Md. 571, 581 (1973)). *See also Rios v. Montgomery Cnty.*,

386 Md. 104, 127 (2005) ("We have previously defined a 'condition precedent' as 'a

condition attached to the right to sue at all.' . . . A condition precedent cannot be waived

under the common law and a failure to satisfy it can be raised at any time because the action itself is fatally flawed if the condition is not satisfied.").

Applying those standards to SG § 12-202, the *Sherafeldin* Court concluded the statute "was intended as a conditional waiver of the State's sovereign immunity in contract actions[.]" *Sherafeldin*, 382 Md. at 148. Because the action is "barred" if not brought within the required period, the State's waiver of sovereign immunity "vanishes" after the period lapses. *Id.* For those reasons, the Court held SG § 12-202 "is not a mere statute of limitations but sets forth a condition to the action itself." *Id.*

Turning to *Higginbotham*, we first recount the key portions of the Court's statutory interpretation of SG § 12-106(b) and its legislative history. Our appellate courts agree SG § 12-106(b)(3) is unambiguous on its face. *See, e.g.*, *Higginbotham*, 412 Md. at 120 ("This statute is neither unclear nor ambiguous."); *Ferguson v. Loder*, 186 Md. App. 707, 730 (2009) ("There is nothing ambiguous about the three-year filing deadline set by the legislature."). The question in *Higginbotham* was whether the three-year requirement is merely a statute of limitations or is a condition precedent to asserting an action against the State in order to reconcile it with CJ § 5-105, which otherwise imposes a one-year statute of limitations on actions for assault, libel, or slander. *Higginbotham*, 412 Md. at 115.

The Court provided a comprehensive background on the principles of statutory interpretation, which is partially reproduced here:

> "Where the statutory language is plain and free from ambiguity, . . . courts do not normally look beyond the words of the statute itself to determine legislative intent." Nor may a court under those circumstances add or delete language so as to "reflect an intent not evidenced in that language," or

9

construe a statute with "'forced or subtle interpretations' that limit or extend its application."

> We have acknowledged that in determining a statute's meaning, courts may consider the context in which a statute appears, including related statutes and, even when a statute is clear, its legislative history. We have cautioned, however, that this inquiry is "in the interest of completeness," "to look at the purpose of the statute and compare the result obtained by use of its plain language with that which results when the purpose of the statute is taken into account." That inquiry, in other words, . . . "is a confirmatory process; it is not undertaken to contradict the plain meaning of the statute."

*Id.* at 118 (quoting *W. Corr. Inst. v. Geiger*, 371 Md. 125, 141–42 (2002)) (internal citations omitted) (cleaned up).

Although the statute is unambiguous on its face, the Court looked to SG § 12-106(b)(3)'s legislative history to determine its interplay with CJ § 5-105's one-year statute of limitations for defamation actions. "When the Maryland Tort Claims Act was enacted in 1981, it was codified in Subtitle 4 of Title 5 of the Courts & Judicial Proceedings Article." *Higginbotham*, 412 Md. at 121. The relevant part of the statute, at the time, referenced the "applicable period of limitations." *Id.* "In 1984, the General Assembly enacted the State Government Article, re-codified the Maryland Tort Claims Act in Subtitle 1 of Title 12 of that article, and amended the procedure for instituting MTCA actions." *Id.* at 122. In that version, the statute included a "Statute of Limitations" section which again referenced the "applicable period of limitations." *Id.* The MTCA was then amended in 1985, and the General Assembly eliminated the "applicable period of limitations"

10

language, but instead added under SG § 12-106(b)(3) a specific time by which the action must be filed.[8]

After discussing relevant decisions and the confusion caused by the statute's filing requirement, the Court explained that "SG § 12-106 was amended again in 1994," which added the language we see today under subsection (b)(3)—that the action must be filed within three years after the cause of action arises. *Id.* at 125. In recounting this amendment, the Court cited the "Department of Legislative Reference's 1994 SESSION REVIEW," which stated under a subheading titled "Limitations Period":

> . . . The bill is intended to eliminate confusion regarding the current law and to make the MTCA limitations consistent with the general statute of limitations under § 5-101 of the Courts Article, which requires that a civil action be filed within 3 years from the date the cause of action arises.

*Id.* at 126 (emphasis omitted).[9]

The Court then applied *Sherafeldin* to conclude SG § 12-106(b)(3) is "not a 'mere' or 'ordinary' statute of limitations, but is *both* a statute of limitations and—along with SG § 12-106(b)(1)—a condition precedent to the waiver of sovereign immunity." *Id.* at 128. The Court held SG § 12-106(b)(3) does create a uniform three-year limitations period for all tort actions brought under the MTCA, as with tort actions otherwise brought under CJ Title 5. *Id.* at 115. It explained:

---

[8] The filing requirement was "1 year after the claim is denied finally or 3 years after the cause of action arises, whichever is later." (1985 Repl. Vol.) SG § 12-106(b)(3).

[9] "SG § 12-106 was amended again in 1995, but no change was made to § (b)(3)." *Higginbotham*, 412 Md. at 126.

11

> Both the location of SG § 12-106 in Subtitle 1 of Title 12 of the State Government Article, and a review of the MTCA's legislative history, reinforce the presumption that the General Assembly "meant what it said and said what it meant" when it repealed the "applicable period of limitations" restriction and enacted the requirement that an action under the MTCA be "filed within 3 years after the cause of action arises."

*Id.* at 126. Accordingly, the one-year statute of limitations otherwise applicable to defamation actions under CJ § 5-105 is not applicable to defamation actions brought against the State under the MTCA because the State is afforded a three-year limitations period for all tort actions brought against it. *Id.* at 128–29.

Most recently, in a case relied upon by the State in its brief, this Court reaffirmed the aforementioned distinctions between statutes of limitations and conditions precedent to the waiver of sovereign immunity in *Peacock v. Debley*, 261 Md. App. 540 (2024). There, we held the filing requirement under SG § 12-106(b)(3) was not subject to the tolling orders our Supreme Court issued in response to COVID-19 causing widespread courthouse closures. *Id.* at 555. However, as Cunningham notes in his brief, *Peacock* has limited application to the case at bar because it dealt with a judicial order, while we are tasked with determining the effect of a legislative act—CJ § 5-201—on the MTCA.

Finally, outside the foregoing line of cases, our Supreme Court held that under Article 19 of the Maryland Declaration of Rights, the statute of limitations for medical malpractice cases under CJ § 5-109(a) must be tolled for minor plaintiffs until they reach the age of 18. *Piselli v. 75th St. Med.*, 371 Md. 188, 194 (2002).

*Piselli* explained that "the principle that statutory time limits for a minor to bring an action do not begin running until the age of majority has been firmly established in our law

for a long time." 371 Md. at 212. The Court went through a brief history of tolling for plaintiffs under the age of majority dating back to sixteenth century English statutes of limitations to conclude that "from the issuance of the Maryland Charter in 1632 to the present, it has been an established principle of Maryland law that time periods for bringing suit are tolled during infancy." *Id.* at 214. From its analysis of the historical roots of tolling for minors, the Court concluded:

> The restrictions upon a minor's remedy and access to the courts, contained in subsections (b), (c) and (e) of [CJ] § 5-109, represent a drastic departure from a principle which has governed minors' causes of action for more than 500 years. Until the recent enactment of these subsections, periods of limitations did not begin running against a child's claim until the child reached the age of majority. In our view, mandating that the three and five-year limitations periods run against a minor's tort claim from the time the minor is 11 years old, or under a few circumstances 16 years old, is an unreasonable restriction upon a child's remedy and the child's access to the courts.

*Id.* at 215. Because "a child is disabled from bringing a tort action until he or she is 18 years old," the Court held that "barring an injured child's medical malpractice claim before the child is able to bring an action is an unreasonable restriction upon the child's right to a remedy and access to the courts guaranteed by Article 19 of the Maryland Declaration of Rights." *Id.* at 215–16.

### ii. Application

Based on the foregoing appellate decisions, we conclude the MTCA's three-year filing requirement for tort actions against the State is subject to the tolling for minors otherwise imposed by CJ § 5-201. This holding reconciles our longstanding adherence to preserving juveniles' right to sue via minority tolling with our Supreme Court's conclusion

13

in *Higginbotham* that SG § 12-106(b)(3) is both a statute of limitations and a condition precedent to the waiver of sovereign immunity. Under this construction, the three-year filing requirement for MTCA actions shall be tolled for minors until they reach the age of majority, then, if the three-year period subsequently lapses, the action will be barred because the State's waiver of sovereign immunity has "vanished." *See Sherafeldin*, 382 Md. at 148; *Higginbotham*, 412 Md. at 128. We believe this decision reflects our constraint to the Supreme Court's dual characterization of SG § 12-106(b)(3) in *Higginbotham*, while balancing the competing interests of juvenile rights and the State's sovereign immunity.

A key feature of statutes of limitations, historically, is tolling for minor plaintiffs. *Piselli*, 371 Md. at 214; *Anderson*, 427 Md. at 118. *See also Buxton v. Buxton*, 363 Md. 634, 646 (2001) ("It has long been the case, as part of the statute of limitations itself, that the statute is tolled during the period that the plaintiff was an infant or mentally incompetent."). The justification is simple: legally, "a child is disabled from bringing a tort action until he or she is 18 years old." *Piselli*, 371 Md. at 215. Because a child himself cannot bring his own tort claim, he relies on his parents to do so if they desire the action to be brought before the child turns 18. Tort actions' statutes of limitations, therefore, are tolled for minors until they turn 18 because

> if the parents' failure to bring a claim before the expiration of limitations had the effect of barring the minor child's claim, "the child would be twice victimized—once at the hands of the tortfeasor, and once by parents who, for whatever reason, failed to timely prosecute [the] claims[.]"

*Id.* at 216 (quoting *Johns Hopkins Hosp. v. Pepper*, 346 Md. 679, 695 (1997)) (first alteration in *Piselli*). Since "[w]e cannot countenance a result that would leave the only

14

innocent victim in such a transaction uncompensated for his or her injuries," we allow minority tolling as a matter of "public policy and justice." *Piselli*, 371 Md. at 216 (quoting *Pepper*, 346 Md. at 695.

We recognize as well the sanctity of a state's sovereign immunity and the importance of conditions precedent to safeguarding that immunity. Yes, the General Assembly "meant what it said and said what it meant" when it enacted the requirement that an action under the MTCA be "filed within 3 years after the cause of action arises." *Higginbotham*, 412 Md. at 126. But it also meant what it said when it stated its purpose in enacting that requirement was "to make the MTCA limitations consistent with the general statute of limitations under § 5-101 of the Courts Article." *Id.* To properly be consistent with the general statute of limitations for civil actions under CJ § 5-101, the MTCA must also be subject to the tolling for minors that applies to the general statute of limitations under CJ § 5-101. Requiring a minor child to file an action under the MTCA within three years after the cause of action arises would lead to many a "child twice victimized" that our Supreme Court has cautioned against time and again. *See Piselli*, 371 Md. at 216;[10] *Pepper*, 346 Md. at 695.

Lastly, this outcome properly balances the State's significant interest in being put on notice of potential suit because the State is protected by the one-year administrative

---

[10] We recognize that, compared to the case at bar, *Piselli* dealt with a state constitutional claim and did not address the MTCA. We do not cite *Piselli* for the proposition that denying minority tolling for MTCA claims violates the Maryland Declaration of Rights, as that issue was not raised before this Court. However, *Piselli*'s discussion of minority tolling is aptly relevant to our analysis.

15

claim requirement under SG § 12-106(b)(1), which remains in effect as a condition precedent. *See Simpson v. Moore*, 323 Md. 215, 225 (1991) (explaining that the administrative claim period was imposed as a notice provision and must be met without exception). If anything, the State will sometimes have additional time to prepare its defense in the case of a minor child because of the tolling discussed herein. The outcome today should not prejudice the State's ability to prepare its defense. When weighing the limited nature of the State's waiver of sovereign immunity with the core right to sue, which is stripped from juveniles without minority tolling, the juvenile right to sue wins out.

For all the foregoing reasons, we hold CJ § 5-201's minority tolling provision applies to the MTCA's three-year filing requirement under SG § 12-106(b)(3). Since Cunningham filed his action within three years of turning 18, we reverse the circuit court's dismissal of his suit as untimely.

**THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY IS REVERSED. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**